UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**Heder Ivan BURGOS-Gill**<br>(AKA: Mario Antonio RAMIREZ)<br><br>Defendant. | Magistrate Case No.<br><br>**'08 MJ 1762**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326;<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about, **May 31, 2008,** within the Southern District of California, defendant, **Heder Ivan BURGOS-Gill, (AKA: Mario Antonio RAMIREZ)** an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Lisette Guzman, Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **5th** DAY OF **June 2008.**

UNITED STATES MAGISTRATE JUDGE



## PROBABLE CAUSE STATEMENT

On May 31, 2008, the defendant identified as **Heder Ivan BURGOS-Gill, (AKA: Mario Antonio RAMIREZ)**, was apprehended by Officers of the San Diego Sheriffs Department, Vista, California. The defendant was placed under arrest for violation of the California Penal Code 114 Use False Citizenship/Etc. Doc/Poss Deceptive Govt I.D., and booked into Vista County Jail, Vista California. While in the custody of county jail, an Immigration Agent conducted a field interview, determined the defendant to be a citizen of Mexico and placed an Immigration Hold (I-247) pending his release from jail.

On June 4, 2008, the defendant was referred to the custody of the United States Immigration and Customs Enforcement (ICE), Field Office in San Diego, California. An Immigration Officer conducted computer database record checks and reviewed various sources of information confirming the defendant to be a citizen of Mexico having been deported or removed form the United States on at least one occasion.

A thorough review of official immigration computer database record checks and information contained in the Alien Registration file revealed that the defendant **Heder Ivan BURGOS-Gill, (AKA: Mario Antonio RAMIREZ)** has been ordered removed from the United States by an Immigration Judge on or about January 24, 2006, and removed to Mexico, via the San Ysidro Port of Entry on January 24, 2006. Record checks further indicate that the defendant has not applied to the Attorney General of the United States or the Secretary of the Department of Homeland Security for permission to re-enter the United States.

The Automated Biometric Fingerprint Identification System (IDENT) and Automated Fingerprint Identification System (IAFIS) were utilized and compared the defendant's fingerprints to those contained in these databases. The results confirmed the defendant's identity as **Heder Ivan BURGOS-Gill, (AKA: Mario Antonio RAMIREZ)**, a citizen and national of Mexico.

The defendant was admonished as to his rights per MIRANDA in the Spanish language at approximately 10:52 a.m. by a Deportation Officer and as witnessed by a Deportation Officer. The defendant acknowledged his rights per MIRANDA and elected to answer questions without counsel present.

The defendant admitted that his true name is **Heder Ivan BURGOS-Gill,** a citizen of Mexico by virtue of birth in Campeche, Mexico, on April 26, 1986. Defendant admitted that he had been deported or removed from the United States on at least two occasions, and had not obtained a waiver in order to re-enter the United States. Defendant admitted that he has no documents to enter or reside in the United States and knew it to be against the law to re-enter after having been deported.